IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3220-M

CHAD IPOCK,

        Plaintiff,

v.

FRED HUGHES, III, et al.,

        Defendants.

ORDER

This matter is before the court on defendants' motions to seal [D.E. 54], for leave to manually file video exhibits [D.E. 55], and motion for extension of time [D.E. 65]. Also before the court are plaintiff's motions for leave to manually file video exhibits [D.E. 62], to deem timely plaintiff's response to defendants' motion for summary judgment [D.E. 63], and to seal [D.E. 64].

The court first addresses the parties' motions to seal. "[T]he First Amendment right of access attaches to materials filed in connection with a summary judgment motion. Doe v. Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014) (citing Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 252–53 (4th Cir. 1988)). Access to such materials "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir.1986)). When considering a motion to seal, the court must

> (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

Id. at 272 (citing In re Knight Pub. Co., 743 F.2d 231, 234–35 (4th Cir.1984)).

Defendants seek to seal the following exhibits submitted in support of their motion for summary judgment: 1) transcripts of the depositions of plaintiff and Judy Waters Davenport, plaintiff's guardian ad litem; 2) law enforcement reports; and 3) videos containing jail footage and a North Carolina State Bureau of Investigation ("SBI") interview of plaintiff. (Def. Mot. to Seal [D.E. 54] at 1–2). Plaintiff seeks to seal the following exhibits attached to their response in opposition to defendant's motion for summary judgment: 1) an SBI predication letter; 2) a letter from Craven County Sheriff's Office requesting the SBI to investigate the incident which is the subject of the instant action; and 3) videos of SBI interviews of defendants Alexander Deshaun Farrow-Derry, Brian Keith Shepard, Jr., and Mariah Caroline Adams. (Pl. Mot. to Seal [D.E. 64] at 1–2). Defendants argue that sealing the depositions and attached exhibits is necessary because they contain plaintiff's confidential personal health information. (Def. Mot. to Seal [D.E. 54] at 2). Both parties maintain that the remaining exhibits' confidentiality is protected by North Carolina General Statute § 153A-98 and the parties' Stipulated/Consent Protective Order at docket [D.E. 34]. (Def. Mot. to Seal [D.E. 54] at 2; Pl.'s Mot. to Seal [D.E. 64] at 2).

No party opposed either motion to seal. The public has had adequate notice of the motions to seal. Given the confidential nature of the documents, there are not less drastic alternatives to sealing. Accordingly, the court grants the motion.

The court next address the parties' motions to manually file video exhibits contained on flash drives. Defendants seek to manually file exhibit 12 as indicated in their appendix to the statement of material facts. (Def. Mot. to File [D.E. 55] at 1). Plaintiff seeks to manually file exhibit one as indicated in his appendix. (Pl. Mot. to File [D.E. 62] at 1). Such motions are granted, and the parties are to file such evidence with the Raleigh clerk's office.

The court now considers plaintiff's motion to deem timely his response to defendants' motion for summary judgment. Defendants consent to the motion. Further the court finds plaintiff acted diligently, and the untimeliness was due to excusable neglect. For good cause shown, the court grants plaintiff's motion and deems the response and documents in support thereof timely filed. See Fed. R. Civ. P. 6(b).

Lastly, the court addresses defendants' motion for extension of time to file a reply to plaintiff's response to defendants' motion for summary judgment. Plaintiff consents to the motion. (Def.' Mot. for Extension [D.E. 65] at 2). Out of an abundance of caution and due to the court's holiday schedule, the court will allow a 14-day extension from the date of entry of this order.

Based on the foregoing, defendants' motions to seal [D.E. 54], for leave to file video exhibits [D.E. 55], and motion for extension of time [D.E. 65] are GRANTED. Additionally, plaintiff's motions for leave to file video exhibits [D.E. 62], to deem timely plaintiff's response to defendants' motion for summary judgment [D.E. 63], and to seal [D.E. 64] are GRANTED. The parties are DIRECTED to file their video exhibits with the Raleigh clerk's office. Defendants are DIRECTED to file any reply no later than **14 days** after entry of this order. The clerk is DIRECTED to maintain docket entries 50, 51, 52, 53, and 61 under seal until further order of the court.

SO ORDERED, this the 28th day of December, 2023.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge